EARL W. ENZOR AND WIFE, ELIZABETH M. ENZOR, Petitioners v. EDWARD EARL MINTON AND WIFE, MAROLYN L. MINTON, BRANCH BANKING AND TRUST COMPANY, AND FIRST FIN, INC., TRUSTEE, Respondents

No. COA95-803

(Filed 16 July 1996)

**Adverse Possession § 31 (NCI4th)— adverse possession by mistake—possession after discovery of mistake—period of possession tacked together**

Where adverse possession originates in mistake but then, upon discovery of the mistake by the adverse possessor, is perpetuated by conscious intent, the uninterrupted periods of adverse possession may be tacked together and considered as one for the purpose of satisfying the prescriptive period set out in N.C.G.S. § 1-40.

**Am Jur 2d, Adverse Possession §§ 84-97.**

**Adverse possession involving ignorance or mistake as to boundaries—modern views. 80 ALR2d 1171.**

Appeal by respondents from judgment entered 10 May 1995 by Judge James D. Llewellyn in Lenior County Superior Court. Heard in the Court of Appeals 28 March 1996.

On 14 June 1971, petitioners recorded their purchase of Lot 25 in the Westdowns Subdivision in Lenoir County. On that same day,

respondents predecessors in title recorded their purchase of Lot 24 in the Westdowns Subdivision. These lots are adjacent and share a common boundary line on the southernmost side of Lot 25 and the northernmost side of Lot 24. The proper location of this common boundary was properly represented on the subdivision maps, but was erroneously staked out on the ground.

Petitioners and respondents' predecessors in title both began to construct homes on their respective lots beginning in the summer of 1971. The new homes were located on the lots based on the erroneously located property line. Both homes were occupied immediately upon completion. In the summer of 1972 or 1973, respondents' predecessor in title constructed a fence along the erroneously located property line. At this time, petitioners agreed that the fence was constructed along the proper boundary line.

On 29 March 1976, respondents purchased Lot 24 and almost immediately began occupancy of the home constructed thereon. No survey was required by the lending institution in this transaction. In October of 1992, however, respondents refinanced their property and the lending institution required that a survey be performed. The survey revealed that the line was erroneously located on the ground and respondents informed petitioners of the survey's results on 3 October 1993.

From 14 June 1971 until 3 October 1993, the respective lots had been occupied and used pursuant to the erroneously located line. This occupation and use was evidenced by the regular mowing of grass, seeding, and planting and care of shrubs and trees. Petitioners continued to possess the property because of mistake until 1978 or 1980, when petitioners first discovered that the misrepresented line was not the true boundary. Upon making this discovery, petitioners decided not to tell anyone unless someone else recognized the error. Thereafter, both petitioners and respondents continued to occupy their properties as before until 3 October 1993, when respondents informed petitioners that they were aware of the error in the location of the boundary line.

On 15 February 1994, petitioners filed a petition to establish a boundary line. Title was placed in issue and the action in effect became one to quiet title. Both parties then filed motions for summary judgment, and on 10 May 1995, the trial court entered judgment in favor of petitioners. In ruling for petitioners, the trial court adopted

petitioners' claim that their ownership was based upon possession under known and visible lines and boundaries adversely to all persons for a period of twenty years pursuant to G.S. 1-40.

Respondents appeal.

*Dees, Smith, Powell, Jarrett, Dees & Jones, by John W. Dees, for petitioner-appellees.*

*Harrison & Simpson, P.A., by William F. Simpson, Jr., for respondent-appellants.*

EAGLES, Judge.

Respondents argue that the trial court erred as a matter of law in granting summary judgment in favor of petitioners and in failing to grant summary judgment for respondents. We disagree.

In *Walls v. Grohman*, 315 N.C. 239, 337 S.E.2d 556 (1985), our Supreme Court held that

> when a landowner, acting under a mistake as to the true boundary between his property and that of another, takes possession of the land believing it to be his own and claims title thereto, his possession and claim of title is adverse. If such adverse possession meets all other requirements and continues for the requisite statutory period, the claimant acquires title by adverse possession even though the claim of title is founded on a mistake.

*Walls*, 315 N.C. at 249, 337 S.E.2d at 562. Knowing that adverse possession can be founded upon mistake, the question then becomes whether the land in question was adversely possessed for the twenty-year statutory period required by G.S. 1-40 to vest fee simple title in the adverse possessor.

Here, there is no dispute that petitioners adversely possessed the property in question for greater than the minimum statutory period. Moreover, under *Walls*, there is no dispute that the possession was adverse for the entire period. Respondents only remaining argument in light of *Walls* stems from the fact that petitioners' possession was adverse due to mistake for nearly half the statutory period and intentionally adverse for the remainder of the statutory period.

Respondents argue that the statutory period should have been restarted once petitioners realized the mistake and then retained pos-

ENZOR v. MINTON

[123 N.C. App. 268 (1996)]

session of the property with a conscious intention to ultimately claim title. Respondents' argument would not allow this later period of adverse possession to be "tacked" with the period during which petitioners' possession was adverse due to mistake. We are not persuaded. Tacking has long been accepted as a means of aggregating related periods of adverse possession into one for the purpose of satisfying the statutory minimum period necessary to ripen title in the adverse possessor. *E.g., Beam v. Kerlee,* 120 N.C. App. 203, 212, 461 S.E.2d 911, 918-19 (1995) (allowing a father's period of adverse possession to be tacked with his son's period of adverse possession in an attempt to satisfy the prescriptive period), *disc. review denied,* 342 N.C. 651, 467 S.E.2d 703 (1996); *Dickinson v. Pake,* 284 N.C. 576, 585, 201 S.E.2d 897, 903 (1974) (recognizing that "successive adverse users in privity with prior adverse users can tack successive adverse possessions of land so as to aggregate the prescriptive period of twenty years."); *International Paper Co. v. Jacobs,* 258 N.C. 439, 444, 128 S.E.2d 818, 822 (1963) (tacking "the possession of an ancestor to that of the heir when there was no hiatus or interruption in the possession."). Here, there was no interruption in petitioners' adverse possession and, although not dispositive, the parties adversely possessing the land remained the same throughout the period in question.

We hold that where adverse possession originates in mistake but then, upon discovery of the mistake by the adverse possessor, is perpetuated by conscious intent, the uninterrupted periods of adverse possession may be tacked together and considered as one for the purpose of satisfying the prescriptive period set out in G.S. 1-40. *See Beam,* 120 N.C. App. at 212, 461 S.E.2d at 918-19; *Walls,* 315 N.C. at 249, 337 S.E.2d at 562. Accordingly, we affirm the order of the trial court granting summary judgment in favor of petitioners.

Affirmed.

Judges LEWIS and McGEE concur.